UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERNAN MORENO, | : | CIVIL NO. **4:07-CV-01225** |
| Plaintiff | : | (Judge McClure) |
| v. | : | (Magistrate Judge Smyser) |
| UNITED STATES OF AMERICA, | : | |
| Defendant | : | |

# REPORT AND RECOMMENDATION

I. Background and Procedural History.

On July 6, 2007, the plaintiff, a federal prisoner proceeding *pro se*, commenced this action by filing a complaint. On July 25, 2007, the plaintiff filed an amended complaint. This is a case brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 et seq. The plaintiff claims that as a result of inadequate medical care he became blind in one eye.

The plaintiff alleges that for years the Bureau of Prisons (BOP) transferred him around the prison system making it very difficult for him to receive proper medical care. He

alleges that on November 12, 2004, Drs. Hartzell and Hilliker performed a laser procedure on his right eye without removing a stent that was in that eye. He alleges that the procedure burnt the stent in his eye and that as a result of the procedure he became permanently blind in his right eye. He alleges that he suffered a lot of pain which caused him to lose sleep and restricted him from other activities such as reading or watching television. He alleges that his pain and trauma continue and that his injury is permanent and debilitating.

The plaintiff alleges that the BOP and the United States Penitentiary at Allenwood (USP-Allenwood) have a policy of not providing proper medications because of costs. He alleges that medical staff at USP-Allenwood and its contractor, Dr. Hilliker, failed to give him pain medications for awhile after the surgery and that his pain medication was actually stopped altogether.

The plaintiff alleges that he speaks very little English and that he does not understand English very well. He alleges that he asked many times for an interpreter without success. He alleges that prison officials are aware of the lack of

2

interpreters at USP-Allenwood leading to wrong diagnosis and incorrect treatment.  He alleges that he did not understand the procedure and that the United States negligently failed to provide him with an interpreter.  He alleges that because he did not have an interpreter the doctors who performed the surgery did not understand that he was trying to explain to them that he had a stent in his eye.  He alleges that only after the damage to his eye occurred did the BOP/USP-Allenwood begin to send an interpreter along with him to doctor appointments.

The plaintiff alleges that the defendant was negligent by failing to use ordinary diligence to keep him safe and give adequate medical care, by failing to provide an interpreter during medical visits to outside appointments, by failing to properly assess his eye situation, by failing to properly train medical staff in communications with the Hispanic prison population and by failing to have in place a system or protocols to ensure proper communications exist between doctor and inmate.

The plaintiff is seeking monetary damages.

3

On October 3, 2008, the defendant filed a motion to dismiss and for summary judgment, a LR 56.1 statement of material facts, a brief and documents in support of that motion. The plaintiff did not file a brief in opposition to the motion as required by Local Rule 7.6, Rules of Court, M.D. Pa.

By an Order dated October 31, 2008, the plaintiff was ordered to file a brief in opposition to the defendant's motion to dismiss and for summary judgment, a response to the defendant's statement of material facts and any summary judgment evidence he has in opposition to the motion on or before November 17, 2008. The Order of October 31, 2008, warned the plaintiff that if he failed to file a brief in opposition, we would consider recommending that this action be dismissed pursuant to Fed.R.Civ.P. 41(b), by application of the factors in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984). By an Order dated November 6, 2008, the plaintiff was granted an extension of time until January 23, 2009 to file a brief in opposition to the defendant's motion to dismiss and for summary judgment, a response to the defendant's statement of material

4

facts and any summary judgment evidence in opposition to the defendant's motion.

The plaintiff still did not file a brief in opposition to the defendant's motion to dismiss and for summary judgment as ordered. By a Report and Recommendation dated February 9, 2009, we recommended that the action be dismissed pursuant to Fed.R.Civ.P. 41(b) based on the plaintiff's failure to obey Local Rule 7.6 and the Orders of October 31, 2008 and November 6, 2008.

On February 23, 2009, the plaintiff filed a brief in opposition to the defendant's motion. On March 10, 2009, the defendant filed a reply brief.

By an Order dated March 12, 2009, Judge McClure adopted the February 9th Report and Recommendation and dismissed this action pursuant to Fed.R.Civ.P. 41(b).

The plaintiff subsequently filed a motion to reconsider or alter and amend the judgment. The plaintiff also filed an appeal to the United States Court of Appeals for the Third

5

Circuit. By an Order dated June 25, 2009, Judge McClure granted the plaintiff's motion for reconsideration, vacated the order of March 12, 2009 and remanded the case to the undersigned for further proceedings.

In this Report and Recommendation we address the defendant's motion to dismiss and for summary judgment.

II. Motion to Dismiss and Summary Judgment Standards.

A motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6) challenges the legal sufficiency of the plaintiff's complaint. In deciding a motion to dismiss the complaint, we must accept all well-pleaded factual allegations as true, "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *McTernan v. City of York,* 564 F.3d 636, 646 (3d Cir. 2009)(quoting *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008)).

A complaint filed by a *pro se* litigant is to be liberally construed and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus,* 127 S.Ct. 2197, 2200 (2007)(quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

"'Summary judgment is proper if there is no genuine issue of material fact and if, viewing the facts in the light most favorable to the non-moving party, the moving party is entitled to judgment as a matter of law.'" *The Circle School v. Pappert*, 381 F.3d 172, 177 (3d Cir. 2004)(quoting *Pi Lambda Phi Fraternity, Inc. v. Univ. of Pittsburgh*, 229 F.3d 435, 441 n.3 (3d Cir. 2000)).

III. Discussion.

The Federal Tort Claims Act (FTCA) provides that the "United States shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. A person may sue under the FTCA to recover damages from the United States for personal

7

injuries sustained during confinement in a federal prison by reason of the negligence of a government employee. *United States v. Muniz*, 374 U.S. 150 (1963).

Under the FTCA, the law of the place where an act or omission occurs it to be applied. 28 U.S.C. § 1346(b). Thus, in determining whether the United States owes a duty to the plaintiff, whether the United States breached that duty and whether that breach was the proximate cause of the plaintiff's injuries, the law of Pennsylvania ordinarily applies. *Hossic v. United States*, 682 F.Supp. 23, 24-25 (M.D.Pa. 1987). However, 18 U.S.C. § 4042[1] governs the United States' duty of care in cases

---

[1] 18 U.S.C. § 4042(a) provides:
The Bureau of Prisons, under the direction of the Attorney General, shall-
(1) have charge of the management and regulation of all Federal penal and correctional institutions;
(2) provide suitable quarters and provide for the safekeeping, care, and subsistence of all persons charged with or convicted of offenses against the United States, or held as witnesses or otherwise;
(3) provide for the protection, instruction, and discipline of all persons charged with or convicted of offenses against the United States;
(4) provide technical assistance to
(continued...)

8

involving injury to federal prisoners. *Id.* at 25; *Turner v. Miller*, 679 F.Supp. 441, 443 (M.D.Pa. 1987). The duty of care as provided by 18 U.S.C. § 4042 is that of ordinary diligence. *Hossic, supra*, 682 F.Supp. at 25; *Turner, supra*, 679 F.Supp. at 443.

The defendant contends that it is entitled to summary judgment on the plaintiff's claim that the BOP has a policy of not providing proper medications because of costs and that he was not provided pain medications after his surgery because the plaintiff failed to exhaust his administrative tort claim remedies with regard to that claim.

Before commencing an action under the FTCA, a claimant must have first presented the claim, in writing and within two years after its accrual, to the appropriate federal agency and

---

(...continued)
> State and local governments in the
> improvement of their correctional systems;
> and
>> (5) provide notice of release of
> prisoners in accordance with subsections
> (b) and (c).

9

the claim must have been denied. *See* 28 U.S.C. SS 2401(b), 2675(a). "The final denial requirement is 'jurisdictional and cannot be waived.'" *Lightfoot v. United States,* 564 F.3d 625, 627 (3d cir. 2009)(quoting *Bialowas v. United States,* 443 F.2d 1047, 1049 (3d Cir. 1971)). An administrative claim need not propound every possible theory of liability in order to satisfy the requirement that the claim be presented to the agency. *Roma v. United States,* 344 F.3d 352, 262 (3d Cir. 2003). However, "'a plaintiff cannot present one claim to the agency and then maintain suit on the basis of a different set of facts.'" *Id.* (quoting *Deloria v. Veterans Admin.,* 927 F.2d 1009, 1012 (7th Cir. 1991)). "In other words, notice in the form of an administrative claim 'satisfies section 2675's requirement . . . if the claimant (1) gives that agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim.'" *Id.* at 362-63 (quoting *Tucker v. United States Postal Serv.,* 676 F.2d 954, 959 (3d Cir. 1982)).

The plaintiff presented an administrative tort claim to the BOP which read, under a section entitled "Basis of Claim":

10

>           Medical Malpractice.  During surgery on my right
>           eye, on November 12, 2004, by Dr. Hartzell of the
>           Eye Center, located in Williamsport, Pa., who is
>           a contracted medical provider for the Federal
>           Bureau of Prisons, my eye was severely damaged.
>           So much so that I have now completely lost sight
>           in this eye.  The FBOP attempted to treat my eye
>           again by sending me to another clinic, there, I
>           was told by a Dr. Hilliker, that the damage was
>           beyond repair.  I have tried to explain my
>           problem to prison officials over the past few
>           years, but I do not speak or read [E]nglish and
>           this facility (USP Allenwood) does not provide
>           Spanish interpretors [sic] for non [E]nglish
>           speaking inmates.

*Doc. 22-2* at 17.

The plaintiff's administrative tort claim raised the issues of damage to his eye as a result of the surgery on his eye and the lack of an interpreter.  The administrative tort claim did not raise any issue concerning the lack of pain medication. The defendant has presented evidence that the plaintiff did not present an administrative tort claim regarding the lack of pain medication. *Decl. of Vanessa Herbin-Smith* at ¶10 (doc. 22-2 at 5).  The plaintiff has not presented any evidence, or any argument, that he presented his medication claim through the administrative tort claims procedure.  Therefore, there is no genuine dispute that the plaintiff failed to exhaust

11

administrative tort remedies regarding his medication claim. Accordingly, the defendant is entitled to summary judgment on that claim.

The defendant contends that the plaintiff's claim regarding the purported negligence of the doctors who performed the surgery and subsequently examined the plaintiff should be dismissed because the United States is not liable for negligence of third party contractors.

"The Federal Tort Claims Act is a limited waiver of sovereign immunity, making the federal government liable to the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *United States v. Orleans,* 425 U.S. 807, 813 (1976). Pursuant to 28 U.S.C. § 1346(b), district courts have jurisdiction over claims against the United States for money damages "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would

be liable to the claimant in accordance with the law of the place where the act or omission occurred."  The FTCA defines "employee of the government" to include officers or employees of any federal agency. 28 U.S.C. § 2671.  The definition of "federal agency" in the FTCA specifically excludes "any contractor with the United States." *Id.*  "Thus, there is an independent-contractor exemption in the Federal Tort Claims Act." *Norman v. United States,* 111 F.3d 356, 357 (3d Cir. 1997).  The United States is not liable under the FTCA for negligence on the part of its independent contractors.  "The critical factor used to distinguish a federal agency employee from an independent contractor is whether the government has the power 'to control the detailed physical performance of the contractor.'" *Id.* (quoting *United States v. Orleans, supra,* 425 U.S. at 814).

The plaintiff alleges in his amended complaint that he became blind in one eye due to the work that the government "contracts out," that the procedure was done by a "govrnment [sic] contractor" and that the medical staff at USP Allenwood's "contractor Dr. Hilliker" failed to provide medication.  The

13

plaintiff also refers in the amended complaint to "medical visits to out side appointments" and to "visits to the outside hospital." In his administrative tort claim that plaintiff refers to "Dr. Hartzell of the Eye Center, located in Williamsport, Pa., who is a contracted medical provider for the Federal Bureau of Prisons" and to Dr. Hilliker as a physician at another clinic. The allegations in the amended complaint and the administrative tort claim lead to the inference the Drs. Hartzell and Hilliker are independent contractors. There are no allegations in the amended complaint or the administrative tort claim that would lead to an inference that Drs. Hartzell and Hilliker are employees of the United States or that the United States had the power to control the details of the performance of Drs. Hartzell and Hilliker.[2] Therefore, the United States is not liable for any negligence on the part of Drs. Hartzell and Hilliker. Accordingly, the plaintiff's claim regarding the

---

[2] The plaintiff argues in his brief that the United States should be liable for the acts of its contractors because there was an overlapping of responsibilities and an interchanging of medical information regarding the plaintiff's medical condition. However, such overlapping of responsibilities and interchanging of information does not lead to an inference that Drs. Hartzell and Hilliker were not independent contractors.

surgery and any negligence on the part of Drs. Hartzell and Hilliker should be dismissed.[3]

The remaining claim is the plaintiff's claim regarding the BOP's failure to provide an interpreter during his medical visits.

The defendant contends that, to the extent that the plaintiff is alleging that it was negligent for the contract doctors to perform a medical procedure without being able to communicate with him, his claim is a medical malpractice claim and any duty to provide an interpreter belonged to the medical care providers. For the reasons indicated above, we agree that the United States is not liable for any breach of duty on the

---

[3] The defendant also contends that FTCA medical malpractice claim should be dismissed because the plaintiff failed to file a certificate of merit and obtain an expert witness as required by Pennsylvania law. Because we have concluded that the United States is not liable for any medical malpractice on the part of its independent contractors we need not address this issue. Were the court to disagree with our conclusion that the United States is not liable for any negligence on the part of Drs. Hartzell and Hilliker as independent contractors, then we would recommend that the medical malpractice FTCA claim be dismissed based on the plaintiff's failure to file a certificate of merit or present expert witness testimony.

15

part of its contractors. The plaintiff's claim regarding the interpreter, however, appears to be broader than a breach of duty by the contract doctors. Rather, the plaintiff claims that BOP should have sent an interpreter along with him to the appointments with the contract doctors. However, as independent contractors the contractor doctors were able to exercise their judgment on how to fulfill their duties. There are no allegations in the amended complaint and no evidence in the record that the independent contractors felt that they needed an interpreter to communicate with the plaintiff or that they communicated anything of that nature to the BOP. Accordingly, we conclude that the claim regarding that lack of an interpreter should be dismissed.[4]

---

[4] Since we have concluded that all of the plaintiff's claims should be dismissed or the defendant should be granted summary judgment, we need not address the defendant's argument that the plaintiff's recovery, if any, is limited to the amount he sought in his administrative tort claim.

16

IV. Recommendations.

Based on the foregoing, it is recommended that the defendant's motion (doc. 21) to dismiss and for summary judgment be granted and that the case file be closed.

*/s/ J. Andrew Smyser*
J. Andrew Smyser
Magistrate Judge

Dated: July 17, 2009.