IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HERNAN MORENO, | : | |
| Plaintiff, | : | No. 4:07-CV-01225 |
| v. | : | (McClure, J.) |
| UNITED STATES OF AMERICA, | : | (Smyser, M.J.) |
| Defendant. | : | |

**O R D E R**

October 26, 2010

## I. BACKGROUND

On July 6, 2007, plaintiff Hernan Moreno, a federal prisoner filing pro se, commenced this civil action. (Rec. Doc. No. 1). On July 25, 2007, plaintiff filed an amended complaint. (Rec. Doc. No. 8). This action was filed pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, et seq. The plaintiff's complaint stemmed from damage to his eye which allegedly occurred as a result of surgery and the Bureau of Prison's alleged failure to provide an interpreter during the plaintiff's medical visits.

## II. PROCEDURAL HISTORY

Initially, the case was assigned to Magistrate Judge J. Andrew Smyser. On October 3, 2008, the defendant, the United States, moved to dismiss the complaint

and for summary judgment. (Rec. Doc. No. 21). The plaintiff did not file an opposition brief pursuant to Middle District Local Rule 7.6.

On October 31, 2008, Magistrate Judge Smyser ordered the plaintiff to file an opposition brief to the defendant's motion and respond to the defendant's statement of material facts by November 17, 2008. (Rec. Doc. No. 24). Magistrate Judge Smyser warned the plaintiff that, if he failed to abide by this court order, he risked dismissal of his case pursuant to Federal Rule of Civil Procedure 41(b), by application of the factors in <u>Poulis v. State Farm Fire & Casualty Co.</u>, 747 F.2d 863, 868 (3d Cir. 1984). (Rec. Doc. No. 24). By an order dated November 6, 2008, the plaintiff was granted an extension of time to comply with the October 31, 2008 Order. (Rec. Doc. No. 26). The court ordered the plaintiff to file the required responses by January 23, 2009. (Rec. Doc. No. 24). The plaintiff did not file the required responses by January 23, 2009, thereby violating Local Rule 7.6 and the orders of October 31, 2008 and November 6, 2008. (Rec. Doc. No. 29).

On February 9, 2009, Magistrate Judge Smyser filed a five-page report and recommendation. <u>Id</u>. In his report, the magistrate judge concluded that the plaintiff's violation of Local Rule 7.6 and the orders of October 31, 2008 November 6, 2008 was unacceptable and dismissal of the action was proper

pursuant to Fed. R. Civ. P. 41(b), by application of the Poulis factors. Id. The plaintiff failed to file an opposition brief with the court until February 23, 2009. This document was entitled "Plaintiff's Reply." (Rec. Doc. No. 31).

On March 12, 2009, because of the plaintiff's failure to file objections to the magistrate judge's report and recommendation, we adopted the magistrate judge's recommendation to dismiss the plaintiff's complaint. (Rec. Doc. No. 33).

On March 31, 2009, the plaintiff filed a timely motion for reconsideration. (Rec. Doc. No. 34). Moreno certified that he had mailed his opposition brief on January 22, 2009, within the court-ordered response time. Id. at 1. However, he claimed that he accidently mailed two copies to the defendant, instead of one copy each to the defendant and the court. In support of his claim, plaintiff drew the court's attention to copies of certified mail receipts he provided demonstrating that he mailed two packages to the defendant that arrived on January 27, 2009. (Rec. Doc. No. 30). By an order dated June 25, 2009, we granted the plaintiff's motion for reconsideration (Rec. Doc. No. 34), vacated our order of March 12, 2009 (Rec. Doc. No. 33), and remanded the case to Magistrate Judge Smyser.

On July 17, 2009, the magistrate judge issued a seventeen (17) page report and recommendation, in which in which he recommended that the defendant's motion to dismiss and for summary judgment be granted and that the case file be

3

closed. (Rec. Doc. No. 40). More specifically, the magistrate judge concluded that, because the plaintiff had failed to exhaust administrative tort remedies regarding his medication claim, the defendant was entitled to summary judgment on that claim. Id. at 11. Second, the magistrate judge noted that the United States was not liable for any negligence on the part of those physicians involved with the plaintiff's surgery, as these physicians were independent contractors and not employees of the United States. Id. at 14-15. Finally, the magistrate judge concluded that the plaintiff's claim concerning the Bureau of Prisons' failure to provide an interpreter during the plaintiff's medical visits should be dismissed, as obtaining an interpreter was the responsibility of the physicians, not the United States. Id. at 16.

The plaintiff filed objections to the report and recommendation on August 4, 2009. (Rec. Doc. No. 41). On August 5, 2010, this court issued a memorandum and order in which we overruled the plaintiff's objections, approved and adopted the report and recommendation in full, granted the defendant's motion for summary judgment, and entered final judgment in favor of the defendant and against the plaintiff on all claims. (Rec. Doc. No. 42).

On August 18, 2009, the plaintiff filed a notice of appeal as to this court's judgment entered on August 5, 2009. (Rec. Doc. No. 43). The United States Court

closed. (Rec. Doc. No. 40). More specifically, the magistrate judge concluded that, because the plaintiff had failed to exhaust administrative tort remedies regarding his medication claim, the defendant was entitled to summary judgment on that claim. Id. at 11. Second, the magistrate judge noted that the United States was not liable for any negligence on the part of those physicians involved with the plaintiff's surgery, as these physicians were independent contractors and not employees of the United States. Id. at 14-15. Finally, the magistrate judge concluded that the plaintiff's claim concerning the Bureau of Prisons' failure to provide an interpreter during the plaintiff's medical visits should be dismissed, as obtaining an interpreter was the responsibility of the physicians, not the United States. Id. at 16.

The plaintiff filed objections to the report and recommendation on August 4, 2009. (Rec. Doc. No. 41). On August 5, 2010, this court issued a memorandum and order in which we overruled the plaintiff's objections, approved and adopted the report and recommendation in full, granted the defendant's motion for summary judgment, and entered final judgment in favor of the defendant and against the plaintiff on all claims. (Rec. Doc. No. 42).

On August 18, 2009, the plaintiff filed a notice of appeal as to this court's judgment entered on August 5, 2009. (Rec. Doc. No. 43). The United States Court

of Appeals for the Third Circuit issued a judgment, on July 14, 2010, in which it affirmed this court's memorandum and order of August 5, 2009. (Rec. Doc. No. 44). More specifically, the Court of Appeals affirmed this court's conclusion that, because the treating doctors were independent contractors and not employees of the United States, the United States could not be held liable for any negligence alleged to have been committed during Moreno's treatment. (Rec. Doc. No. 45 at 4).[1]

## III. DISCUSSION

On October 14, 2010, Moreno filed a document with this court in which he appears to seek leave to proceed in forma pauperis and a certificate of appealability. (Rec. Doc. No. 46). Moreno also appears to wish to "[r]e-submit, re-challenge and properly address the District Court's Judgement [sic] entered August 5, 2009" and "file a Certificate of Merit and obtain a witness (opinion) through a re-evaluation by another medical special prognosis." Id.

---

[1] In its opinion affirming this court's decision, the Court of Appeals noted that Moreno abandoned, on appeal, his negligence claims against the United States "for: (1) sending him to the eye clinic without an interpreter (he speaks only Spanish) and (2) failing to provide him with appropriate pain medication." Id., n.1. The court also noted, "Because we affirm the District Court on the ground that Moreno's claim is barred by the FTCA's independent contractor exemption, we do not consider his argument regarding whether he should be required to file a certificate of merit." Id., n.3.

The action before the court is now closed. In fact, on the plaintiff's appeal, the Court of Appeals affirmed this court's granting of the United States' motion for summary judgment. (Rec. Doc. No. 44). Although this court is without jurisdiction to grant the motion as filed by Moreno, the relief he requests is also moot, as the Court of Appeals has affirmed this court's decision "on the ground that Moreno's claim is barred by the FTCA's independent contractor exemption" and did not consider Moreno's argument concerning the filing of a certificate of merit. (Rec. Doc. No. 45, n.3).

In light of the above, we will deny the motion filed by the plaintiff at Docket No. 46.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

Plaintiff Hernan Moreno's motion filed at Docket No. 46 is **DENIED**.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge